Filed 10/22/14  P. v. Reyes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY REYES,<br><br>       Defendant and Appellant. | 2d Crim. No. B246623<br>(Super. Ct. No. NA093597)<br>(Los Angeles County) |

Anthony Reyes appeals from the judgment entered after a jury convicted him of attempted extortion (count 1; Pen. Code, §524)[1], possession of methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)), and sending a threatening communication for purposes of extortion (count 3; § 523).  In a bifurcated proceeding, the trial court found that appellant had suffered a prior strike conviction (§§ 667, subds. (b) - (i); 1170.12, subds. (a) - (d)) and a prior prison term (§ 667.5, subd. b).  The trial court sentenced appellant to 10 years four months on counts two and three and stayed the sentence on count 1 for attempted extortion.  Appellant was ordered to pay a $2,400 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $2,400 parole revocation fine (Pen. Code, § 1202.45), a $100 drug rehabilitation fine (Health & Saf. Code, § 11372.7), a $50 lab fee (Health & Saf. Code, § 11372.5, subd. (a)), a court security fee (§ 1465.8), and a criminal conviction facilities assessment fee (Gov. Code, § 70373.)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On August 6, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received.

The evidence shows that appellant phoned his grandmother Sharon Crawford-Demers on October 7, 2012, and said that he had been kidnapped by a gang and was being held for ransom. Appellant said if Demers did not come up with $200 he would be killed.

Demers (age 69), was terminally ill. Concerned about appellant's welfare, Demers called 911. Before the police arrived, Demers received two text messages that she had until 5:00 p.m. to get the money and "if we suspect any police contact everyone pays, ha, ha, ha, ha."

The police tracked appellant's cell phone and found him at a friend's house where he had been all day. Appellant was arrested and had a syringe and .21 grams of methampehtamine on his person. Before the arrest, appellant served a state prison sentence for making criminal threats (§ 422).

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                            YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

2

Tomson T. Ong, Judge

Superior Court County of Los Angeles

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.